**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

---

MARY BOYLE,

ALEXANDER HOEHN-SARIC, and

RICHARD TRUMKA JR.,

     *Plaintiffs*,

       v.

DONALD J. TRUMP, in his official
capacity as President of the United
States,
    1600 Pennsylvania Avenue NW
    Washington, DC 20500,

SCOTT BESSENT, in his official
capacity as Secretary of the Treasury,
    1500 Pennsylvania Avenue NW
    Washington, DC 20220,

RUSSELL VOUGHT, in his official
capacity as Director of the Office of
Management and Budget,
    725 17th Street NW
    Washington, DC 20503, and

PETER A. FELDMAN, in his official
capacity as Acting Chairman of the U.S.
Consumer Product Safety Commission,
    4330 East-West Highway, 4th Floor
    Bethesda, MD 20814,

     *Defendants*.

Civil Action No.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     Congress established the U.S. Consumer Product Safety Commission (CPSC) as an independent federal agency, headed by a five-member commission. By statute, the President may

remove Commissioners only "for neglect of duty or malfeasance in office but for no other cause." 15 U.S.C. § 2053(a).

2.    Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. were nominated by former President Joseph R. Biden Jr. and confirmed by the Senate to serve as CPSC Commissioners for terms ending in October 2025, October 2027, and October 2028, respectively.

3.    On May 8 and May 9, 2025, individuals purporting to speak on behalf of President Donald J. Trump informed Plaintiffs that the President was terminating them, effective immediately, from their roles as CPSC Commissioners. No explanation was offered, including no suggestion that any Plaintiff had engaged in any neglect of duty or malfeasance in office.

4.    The purported terminations violate statutory restrictions on the President's removal authority, and any attempt to implement them exceeds the legal authority of those individuals who act on the President's behalf. The removals should be declared unlawful, and Defendants Scott Bessent, Russell Vought, and Peter A. Feldman should be enjoined from effectuating them.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of the United States and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred at CPSC headquarters in Bethesda, Maryland.

## PARTIES

7.    Plaintiff Mary Boyle is a member of the U.S. Consumer Product Safety Commission, with a term ending on October 27, 2025.

8.    Plaintiff Alexander Hoehn-Saric is a member of the U.S. Consumer Product Safety Commission, with a term ending on October 27, 2027.

2

9.      Plaintiff Richard Trumka Jr. is a member of the U.S. Consumer Product Safety Commission, with a term ending on October 27, 2028.

10.      Defendant Donald J. Trump is the President of the United States and is sued in his official capacity.

11.      Defendant Scott Bessent is the Secretary of the Treasury and is sued in his official capacity.

12.      Defendant Russell Vought is the Director of the Office of Management and Budget and is sued in his official capacity.

13.      Defendant Peter A. Feldman is the Acting Chairman of the U.S. Consumer Product Safety Commission and is sued in his official capacity.

## FACTS

14.      Congress enacted the Consumer Product Safety Act (CPSA), Pub. L. No. 92-573, 86 Stat. 1207, in 1972 to "protect the public against unreasonable risks of injury associated with consumer products," to "assist consumers in evaluating the comparative safety of consumer products," to "develop uniform safety standards for consumer products and to minimize conflicting State and local regulations," and to "promote research and investigation into the causes and prevention of product-related deaths, illnesses, and injuries." 15 U.S.C. § 2051(b).

15.      To further these purposes, Congress created the CPSC as an "independent regulatory commission" composed of five Commissioners with "background and expertise in areas related to consumer products and protection of the public from risks to safety." *Id.* § 2053(a). Commissioners are appointed by the President and confirmed by the Senate, *id.*, to serve staggered, seven-year terms, *id.* § 2053(b)(1), with the possibility under certain circumstances of serving up to an additional year pending installation of a successor, *id.* § 2053(b)(2). Among other things,

3

Commissioners are responsible for promulgating standards for consumer-product safety, *id.* § 2056, recalling unreasonably hazardous products from the market, *id.* § 2057, and conducting product-safety investigations and research, *id.* § 2076.

16.    To ensure the independence of the CPSC Commissioners, Congress provided that they could be "removed by the President" prior to the end of their terms only "for neglect of duty or malfeasance in office but for no other cause." *Id.* § 2053(a). Congress determined that such independence is necessary to ensure that the CPSC remains "unfettered by political dictates, self-interested industry pressure or blind consumer zeal." 122 Cong. Rec. S15211 (daily ed. May 24, 1976).

17.    Plaintiffs were each nominated by former President Joseph R. Biden Jr. and confirmed by the Senate to serve as CPSC Commissioners.

18.    Plaintiff Mary Boyle was confirmed on June 22, 2022, to serve out the remainder of her predecessor's seven-year term, which expires on October 27, 2025. *See* 15 U.S.C. § 2053(b)(2) (providing that "[a]ny Commissioner appointed to fill a vacancy occurring prior to the expiration of the term for which his predecessor was appointed shall be appointed only for the remainder of such term"). Pursuant to the CPSA, Plaintiff Boyle may continue to serve after October 27, 2025, until October 27, 2026, or until her successor is appointed, whichever comes first. *See id.*

19.    Plaintiff Alexander Hoehn-Saric was confirmed on October 7, 2021, to serve out the remainder of his predecessor's seven-year term, which expires on October 27, 2027. Pursuant to the CPSA, Plaintiff Hoehn-Saric may continue to serve after October 27, 2027, until October 27, 2028, or until his successor is appointed, whichever comes first.

20.     Plaintiff Richard Trumka Jr. was confirmed on November 16, 2021, for a term expiring on October 27, 2028.

21.     On May 8, 2025, Plaintiffs Boyle and Trumka received emails from Trent Morse, Deputy Director of Presidential Personnel. The bodies of the emails stated, in their entirety: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Consumer Product Safety Commission is terminated effective immediately. Thank you for your service."

22.     The following day, on May 9, Plaintiff Hoehn-Saric and his staff arrived at CPSC offices. CPSC security prevented Plaintiff Hoehn-Saric and his staff from going to their offices but allowed them to stay in the lobby. Plaintiff Hoehn-Saric made multiple attempts to call Defendant Peter A. Feldman, Acting Chairman of the CSPC. After Plaintiff Hoehn-Saric had waited in the lobby for approximately an hour, Defendant Feldman called and informed Plaintiff Hoehn-Saric that the President had terminated Plaintiff Hoehn-Saric from his role as CPSC Commissioner and that Plaintiff Hoehn-Saric should leave. Defendant Feldman did not identify any neglect of duty or malfeasance in office as justification for the purported termination.

23.     To effectuate Plaintiffs' purported terminations, Defendant Feldman has prevented Plaintiffs from executing their duties as Commissioners, including by barring their access to their offices and agency email accounts, and by terminating personnel who staff Plaintiffs' offices. On information and belief, Defendant Scott Bessent, who serves as Secretary of the Treasury, and Defendant Russell Vought, who serves as Director of the Office of Management and Budget, have deprived or imminently will deprive Plaintiffs of pay and benefits to which they are entitled.

24.     Plaintiffs have served ably in their roles as CPSC Commissioners, and the President lacks a statutorily cognizable basis for terminating them.

25.     Absent prompt relief, Plaintiffs will be deprived of pay and benefits to which they are entitled. They will also irretrievably lose the opportunity to perform the duties for which they were appointed and confirmed and on which American consumers depend for their safety.

**CLAIM FOR RELIEF**

26.     Plaintiffs have a non-statutory right of action to enjoin and declare unlawful official action that is ultra vires and in excess of legal authority.

27.     Article I of the U.S. Constitution vests "[a]ll legislative Powers" in Congress. U.S. Const. art. I, § 1. Members of the executive branch have no constitutional authority to amend or override statutes that have been lawfully enacted, and Article II of the U.S. Constitution requires the President to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3.

28.     The CPSA affords Plaintiffs a right to serve out their terms as CPSC Commissioners unless they are removed "by the President for neglect of duty or malfeasance in office." 15 U.S.C. § 2053(a). Congress has provided that "no other cause" may serve as a lawful basis for their removal from office. *Id.*

29.     President Trump's purported removal of Plaintiffs from their Commissioner roles violates the CPSA because the removals are not based on neglect of duty or malfeasance in office. The removals are therefore ultra vires, and they exceed the President's constitutional and statutory authority.

30.     Defendant Bessent's, Defendant Vought's, and Defendant Feldman's efforts to prevent Plaintiffs from executing their duties as Commissioners and to deprive them of their pay and benefits are likewise ultra vires and in excess of constitutional and statutory authority because they give effect to unlawful presidential removal decisions.

31.     Plaintiffs are entitled to declaratory relief against all Defendants and to injunctive relief against Defendants Bessent, Vought, and Feldman.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

a.  Declare that Defendants' removal of Plaintiffs from their roles as CPSC Commissioners was unlawful and that Plaintiffs are entitled to continue serving out their terms as CPSC Commissioners;

b.  Enjoin Defendant Feldman from obstructing Plaintiffs in any way from carrying out their duties as CPSC Commissioners, including by terminating their staff and barring their access to agency resources;

c.  Enjoin Defendants Bessent, Vought, and Feldman from depriving Plaintiffs of the pay and benefits that Plaintiffs are entitled to receive as CPSC Commissioners, and order Defendants Bessent, Vought, and Feldman to restore all pay and benefits that have been unlawfully withheld from Plaintiffs and their staff;

d.  Award Plaintiffs their costs and attorneys' fees for this action; and

e.  Grant any other relief as this Court deems appropriate.

Dated: May 21, 2025                    Respectfully submitted,

                                       /s/ Stephanie Garlock
                                       Stephanie Garlock
                                       (D. Md. Bar No. 31594)
                                       Nicolas A. Sansone
                                       (*pro hac vice* application to be filed)
                                       Allison M. Zieve
                                       (*pro hac vice* application to be filed)
                                       Public Citizen Litigation Group
                                       1600 20th Street NW
                                       Washington, DC 20009
                                       (202) 588-1000

                                       *Attorneys for Plaintiffs*