**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MARY BOYLE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>*Defendants*. | Civil Action No. 8:25-cv-1628-MJM |

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs submit the following statement of undisputed material facts in support of their motion for summary judgment.

1. Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. were nominated by President Joseph R. Biden Jr. and confirmed by the Senate to serve as Commissioners on the Consumer Product Safety Commission (CPSC). Boyle Decl. ¶ 2; Hoehn-Saric Decl. ¶ 2; Trumka Decl. ¶ 2.

2. Commissioner Boyle was confirmed on June 22, 2022, to serve out the remainder of a predecessor's term, set to expire on October 27, 2025, Boyle Decl. ¶ 2, although Commissioner Boyle may continue to serve until October 27, 2026, if a successor is not installed before that time. 15 U.S.C. § 2053(b)(2).

3. Commissioner Hoehn-Saric was confirmed on October 7, 2021, to serve out the remainder of a predecessor's term, set to expire on October 27, 2027, Hoehn-Saric Decl. ¶ 2,

although Commissioner Hoehn-Saric may continue to serve until October 27, 2028, if a successor is not installed before that time. 15 U.S.C. § 2053(b)(2).

4. Commissioner Trumka was confirmed on November 16, 2021, to serve a seven-year term that expires on October 27, 2028. Trumka Decl. ¶ 2.

5. Commissioners Boyle, Hoehn-Saric, and Trumka have performed ably in their roles and have never been accused of neglect of duty or malfeasance in office by either of the Presidents under whom they have served. Boyle Decl. ¶ 4; Hoehn-Saric Decl. ¶ 4; Trumka Decl. ¶ 3.

6. On May 8, 2025, Trent Morse, Deputy Director of Presidential Personnel, sent an email to Commissioner Boyle, the body of which stated, in full: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Consumer Product Safety Commission is terminated effective immediately. Thank you for your service." Boyle Decl. ¶ 11 & Exh. C.

7. On May 8, 2025, Trent Morse, Deputy Director of Presidential Personnel, sent an email to Commissioner Trumka, the body of which stated, in full: "On behalf of President Donald J. Trump, I am writing to inform you that your position on the Consumer Product Safety Commission is terminated effective immediately. Thank you for your service." Trumka Decl. ¶ 9 & Exh. A.

8. The emails to Commissioners Boyle and Trumka did not accuse either of them of neglect of duty or malfeasance in office. Boyle Decl. ¶ 12 & Exh. C; Trumka Decl. ¶ 10 & Exh. A.

9. On May 9, when Commissioner Hoehn-Saric and two of his staff members arrived for work at CPSC headquarters, CPSC security prevented them from entering their offices and required them to wait in the lobby. Hoehn-Saric Decl. ¶ 10.

10. While Commissioner Hoehn-Saric was waiting in the lobby, Acting Chairman Feldman called him and informed him that the President had terminated him from his role as CPSC Commissioner and that he should leave the premises of the CPSC. Hoehn-Saric Decl. ¶ 10.

11. Acting Chairman Feldman did not accuse Commissioner Hoehn-Saric of neglect of duty or malfeasance in office. Hoehn-Saric Decl. ¶ 11.

12. At no point has the President, or anybody purporting to speak on his behalf, attempted to justify Plaintiffs' terminations by accusing Plaintiffs of neglect of duty or malfeasance in office. Boyle Decl. ¶ 12; Hoehn-Saric Decl. ¶ 11; Trumka Decl. ¶ 10.

13. Since May 9, Plaintiffs have been unable to enter their offices at CPSC unescorted, unable to access their CPSC email accounts, unable to use their government-issued phones, unable to log on to CPSC's computer network, and unable to access any of their electronic files. Boyle Decl. ¶ 13; Hoehn-Saric Decl. ¶ 12; Trumka Decl. ¶ 11.

14. Plaintiffs were required to return their CPSC identification badges, keys, phones, credit cards, and computer equipment, and Plaintiffs' staff members have received termination notices that cite Plaintiffs' terminations as their basis. Boyle Decl. ¶¶ 14–15; Hoehn-Saric Decl. ¶¶ 12–13; Trumka Decl. ¶¶ 11–12.

15. Plaintiffs have received "separation packages" and are no longer receiving the pay and benefits to which CPSC Commissioners are entitled. Boyle Decl. ¶ 16; Hoehn-Saric Decl. ¶ 14; Trumka Decl. ¶ 13.

16. As long as Plaintiffs' terminations are given effect, Plaintiffs cannot participate in agency votes or discussions on issues that they believe are critical for the CPSC and the work it does to protect public safety. Boyle Decl. ¶ 17; Hoehn-Saric Decl. ¶ 15; Trumka Decl. ¶ 14.

17. Prior to Plaintiffs' terminations, Acting Chairman Feldman produced plans for reductions in force and reorganizations at the CPSC that Plaintiffs believe will exacerbate existing understaffing problems at the agency and compromise the CPSC's ability to prevent consumer-product injuries and deaths. Boyle Decl. ¶ 8 & Exh. B; Hoehn-Saric Decl. ¶ 8; Trumka Decl. ¶ 7.

18. Plaintiffs would vote to oppose these plans were they not barred from performing their functions as CPSC Commissioners. Second Boyle Decl. ¶ 3; Second Hoehn-Saric Decl. ¶ 5; Second Trumka Decl. ¶ 3.

19. Because they are barred from voting, Plaintiffs expect that Acting Chairman Feldman will be able to implement the reductions in force and reorganizations that Plaintiffs view as inimical to the CPSC's mission. Second Boyle Decl. ¶ 3; Second Hoehn-Saric Decl. ¶ 5; Second Trumka Decl. ¶ 3.

20. At the time of Plaintiffs' termination, the CPSC was in the midst of a midyear review process, pursuant to which the agency evaluates the status of its available funds and recommends adjustments to the agency's operating plan for the year. Second Boyle Decl. ¶ 5; Second Hoehn-Saric Decl. ¶ 8; Second Trumka Decl. ¶ 7.

21. Prior to their termination, Plaintiffs had expressed reservations about a proposed midyear review package and indicated that they would like to amend it. Second Hoehn-Saric Decl. ¶ 8; Second Trumka Decl. ¶ 7.

22. After Plaintiffs were terminated, the two remaining CPSC Commissioners approved a version of the midyear review package that did not contain the amendments that Plaintiffs would have proposed had they not been terminated. Second Boyle Decl. ¶ 5; Second Hoehn-Saric Decl. ¶ 8; Second Trumka Decl. ¶ 7.

23. In Plaintiffs' absence, the two remaining CPSC Commissioners have been adhering to a regulatory freeze and refusing to advance any regulations, including by issuing proposed regulations. Second Boyle Decl. ¶ 8.

24. Progress on rules establishing safety standards for products such as electric bicycles, battery-operated toys, water beads, and lithium-ion batteries—which Plaintiffs would take steps to promote and advance—has been stalled or reversed since Plaintiffs' terminations. Second Boyle Decl. ¶¶ 9–11; Second Hoehn-Saric Decl. ¶¶ 9–10; Second Trumka Decl. ¶ 6.

25. On May 28, the two remaining Commissioners received a vote package seeking public comment on opportunities for the CPSC to reduce compliance costs. Second Boyle Decl. ¶ 13; Second Trumka Decl. ¶ 13.

26. Commissioners Boyle and Trumka would oppose this package because they view it as inconsistent with the CPSC's core mission of consumer protection, but they expect that the two remaining Commissioners will approve it. Second Boyle Decl. ¶ 13; Second Trumka Decl. ¶ 13.

27. Pursuant to the CPSC's Fiscal Year 2025 operating plan, at least twelve substantive product standards and two procedural rules are due to be finalized prior to September 30, 2025. Second Trumka Decl. ¶ 10.

28. As a result of Plaintiffs' terminations and underlying staffing shortages at the agency, Commissioner Trumka believes that the proposed rules will not all be issued and that those that are issued will not be evaluated with the rigor needed to ensure that they adequately protect the American public. Second Trumka Decl. ¶ 11.

29. In Plaintiffs' absence, the CPSC has cancelled budgetary and planning meetings that Commissioner Trumka views as important. Second Trumka Decl. ¶¶ 5, 7.

Dated: May 30, 2025

Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone
(admitted *pro hac vice*)
Stephanie Garlock
(D. Md. Bar No. 31594)
Allison M. Zieve
(admitted *pro hac vice*)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiffs*