UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOYLE, *et al.*,

        Plaintiffs,

v.

TRUMP, *et al*.,

        Defendants.

Case No. 8:25-cv-1628-MJM

**DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

On May 21, 2025, Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr., sued, challenging the President's decision to remove them as Commissioners on the Consumer Product Safety Commission ("CPSC"). *See* ECF No. 1. Plaintiffs moved for a temporary restraining order and preliminary injunction, and the Court declined to enter a temporary restraining order after a hearing. *See* ECF No. 6; ECF 24 at 5. The parties then filed cross-motions for summary judgment. *See* ECF Nos. 18, 21, 22. After holding a hearing on the motions, the Court issued an order and memorandum opinion granting Plaintiffs' motion for summary judgment and denying Defendants' cross-motion for summary judgment on June 13, 2025. ECF Nos. 24, 25. The Court declared that "President Donald J. Trump's purported termination of Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. from their roles as Commissioners of the [CPSC] is ultra vires, contrary to law, and without legal effect" and enjoined "Defendants Scott Bessent, Russel Vought, and Peter A. Feldman . . . from taking any action to effectuate Plaintiffs' unlawful terminations (until such time as Plaintiffs' terms expire pursuant to 15 U.S.C. § 2053), including by: [b]arring Plaintiffs' access to agency resources (including, but not limited to, Plaintiffs' office spaces, CPSC telephone and computer equipment, CPSC email accounts, and

physical and electronic files) to which Plaintiffs had access prior to May 8, 2025; [g]iving effect to the purported termination of Plaintiffs' staff members; or [w]itholding from Plaintiffs and their staff members the pay and benefits that they were entitled to receive in connection with their roles at the CPSC prior to May 8, 2025." ECF. No. 25 at 1–2.  This relief constitutes an extraordinary intrusion into the President's authority.  Accordingly, Defendants appealed the Court's order on June 16, 2025. ECF No. 26.  Defendants now respectfully move the Court to stay its order pending appeal.[1]

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  These factors weigh decisively in favor of a stay as demonstrated by the Supreme Court's decision to stay two district court orders that, like this Court's order here, immediately reinstated principal executive officers.  In *Trump v. Wilcox*, the Supreme Court granted a stay of orders from district courts enjoining the President's removal of a member of the National Labor Relations Board ("NLRB") and a member of the Merit Systems Protection Board ("MSPB"). 145 S.Ct. 1415, 1415 (2025). The Supreme Court's decision in granting a stay supports the same result here.

First, Defendants have made a strong showing that they are likely to succeed on the merits. The Court recognized that "[t]he President's 'executive Power' under Article II 'generally includes the ability to remove executive officials, for it is only the authority that can remove such officials

---

[1] Defendants conferred with opposing counsel regarding this motion, and Plaintiffs' counsel indicated that Plaintiffs oppose this motion.

that they must fear and, in the performance of [their] functions, obey.'" ECF No. 24 at 7 (quoting *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 213–14 (2020) (quotation omitted)). And the Court recognized that the CPSC exercises quintessentially executive power—the agency promulgates substantive rules that bind the public, it conducts adjudications to determine violations of federal law, and it can bring enforcement actions in district courts through its own attorneys. ECF No. 24 at 18–19; 15 U.S.C. § 2076(b)(7). Based on similar considerations, the Supreme Court recently held that the United States was entitled to a stay pending appeal of district court orders reinstating Members of the NLRB and the MSPB. *Wilcox*, 145 S. Ct. at 1415. The Supreme Court explained that "the Government is likely to show that both" of those agencies "exercise considerable executive power," and that the Government had therefore made the requisite showing that it was likely to succeed on the merits. *Id*. A stay is similarly warranted here.

Second, Defendants will be irreparably harmed absent a stay, such that the balance of the equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the balance of equities and public interest factors merge in cases involving the government). In its *Wilcox* order, the Supreme Court made clear that the Government was entitled to a stay of final judgments reinstating principal executive officers because "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox*, 145 S.Ct. at 1415. The Court reasoned that "[a] stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation." *Id*.

That same analysis controls here, and the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: June 16, 2025

Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*