UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY BOYLE, et al.,<br><br>　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>　　　*Defendants*. | Civil Action No. 8:25-cv-1628-MJM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

On May 8 and 9, 2025, President Donald J. Trump terminated Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. from their roles at the Consumer Product Safety Commission (CPSC) without cause in violation of the Consumer Product Safety Act. Plaintiffs filed this lawsuit and promptly moved for summary judgment, and President Trump and Defendants Scott Bessent, Russell Vought, and Peter A. Feldman filed a cross-motion for summary judgment soon after. On June 13, following full merits briefing and argument, this Court granted Plaintiffs' motion, denied Defendants' cross-motion, and entered a final order declaring President Trump's purported termination of Plaintiffs "ultra vires, contrary to law, and without legal effect" and enjoining Defendants Bessent, Vought, and Feldman from "taking any action to effectuate Plaintiffs' unlawful terminations" prior to the expiration of their terms. Final Order, ECF 25, at 2.

Defendants now ask this Court to stay its order pending Defendants' appeal. This Court should deny the request. Defendants identify no error in this Court's legal analysis and no case-specific harms that will result if Plaintiffs continue to occupy the roles that this Court has held they are legally entitled to occupy. Meanwhile, the Court has already found that Plaintiffs will suffer

1

irreparable harm if they are barred from participating in the work of the CPSC. Having already held "Plaintiffs' requested injunctive relief appropriate" in light of this case's equities, Op. on Summ. J., ECF 24, at 29, this Court should not now reverse course.

## LEGAL STANDARD

A stay "is not a matter of right," but rather "an exercise of judicial discretion." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party requesting a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. Specifically, the moving party must make "a strong showing that [it] is likely to succeed on the merits," that it "will be irreparably harmed absent a stay," that a stay will not "substantially injure the other parties interested in the proceeding," and that the "public interest" supports a stay. *Id.* at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

## ARGUMENT

Defendants cannot establish any of the four factors necessary to justify entry of their requested relief, let alone all of them.

**A.** As for likelihood of success on the merits, this Court rejected Defendants' merits arguments in a comprehensive opinion just days ago. Defendants identify no flaw in this Court's analysis.

Defendants emphasize this Court's recognition that the President "*generally*" has the power to remove executive officers and that the CPSC exercises executive power. Defs. Mot. to Stay, ECF 27, at 2–3 (emphasis added). They disregard, however, the Court's recognition that "the President's power of removal is not absolute," Op. on Summ. J. at 7, that "the exercise of powers described as 'executive' in nature, by itself, is not dispositive of whether an agency is disqualified"

2

from insulation from the President's removal powers, *id.* at 20, and that the Consumer Product Safety Act's statutory "restriction against Plaintiffs' removal … does not offend the President's Article II removal power," *id.* at 23.

Contrary to Defendants' argument, the Supreme Court's order granting a stay in *Trump v. Wilcox*, 145 S. Ct. 1415 (2025), does not establish their likelihood of success on the merits of their appeal to the Fourth Circuit. Defendants note that the *Wilcox* order stated that the government was likely to show that the National Labor Relations Board and the Merit Systems Protection Board—the independent agencies at issue there—"exercise considerable executive power." Defs. Mot. to Stay at 3 (quoting *Wilcox*, 145 S. Ct. at 1415). But they omit that the Supreme Court left open the question whether those agencies "fall[] within … a recognized exception" to the President's removal powers. *Wilcox*, 145 S. Ct. at 1415. This Court has concluded that the CPSC *does* fall into such an exception.

**B.** As for irreparable harm, Defendants are silent on what, if any, ill effects they will suffer if Plaintiffs are allowed to serve in their Commissioner roles, as this Court has held Plaintiffs are legally entitled to do. Indeed, Defendants concede that Plaintiffs have "performed ably in their roles" as Commissioners to date, Pls. Statement of Facts, ECF 18-2, ¶ 5; *see* Defs. Statement of Facts, ECF 21-2, ¶ 1, and Defendants have at no point offered any specific reason why they wish to remove Plaintiffs. Although Defendants contend that Plaintiffs' continued service on the CPSC "constitutes an extraordinary intrusion into the President's authority," Defs. Mot. to Stay at 2, this Court has already rejected that contention. *See* Op. on Summ. J. at 23 (holding that Plaintiffs' statutory removal protections "do[] not offend the President's Article II removal power").

Defendants again turn to the *Wilcox* order, noting that the order referred to the "disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation,"

Defs. Mot. to Stay at 3 (quoting 145 S. Ct. at 1415). Here, though, as this Court has explained, disruption is not a factor because the Court has entered final judgment and "*permanent*" relief. *See* Op. on Summ. J. at 29 n.11. And in accordance with the Court's judgment, the CPSC's General Counsel, on the same day that the Court entered its order, informed all CPSC leadership that Plaintiffs had been "fully reinstated" to their positions, Third Trumka Decl. ¶ 2 & Exh. A, and the agency restored Plaintiffs' access to their offices, email accounts, cellphones, electronic files, and other agency resources, *id*. ¶¶ 3, 6–8. Since then, Plaintiffs have been carrying out their duties as Commissioners, *see id.* ¶¶ 6–7, 10, as this Court has held they have a legal right to do. Far from preventing disruption, then, granting a stay would unsettle the status quo by ejecting Plaintiffs from the roles they currently occupy based on the speculative possibility that the Fourth Circuit might disagree with this Court's conclusion on the merits.

**C.** As for the balance of hardships and public interest, Defendants contend that "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." Defs. Mot. to Stay at 3 (quoting *Wilcox*, 145 S. Ct. at 1415). But the single, unelaborated sentence in the Supreme Court's *Wilcox* order should not be taken to state a categorical rule. After all, if the executive branch's interest in effectuating unlawful terminations of independent agency heads invariably overrides the public interest in preserving the agency's independence, then statutory tenure protections are effectively meaningless, even where (as here) they are constitutional. The President, after all, could unlawfully remove an independent agency head at a key juncture and secure a stay that would give effect to that invalid termination for weeks or months, with the President free to bend the agency to his will in the interim.

4

Further, in addressing the balance of the equities and the public interest, Defendants do not acknowledge the equities on Plaintiffs' side of the scale or the public-interest considerations that militate in favor of allowing Plaintiffs to continue occupying their lawful roles. Thus, Defendants do not respond to this Court's determination that Plaintiffs will suffer irreparable harm if they are "unlawfully barred from participating in ongoing, consequential decisions of the CPSC that will substantially impact Commission operations and its work on behalf of the public." Op. on Summ. J. at 26. And they do not address this Court's determination that depriving the CPSC of "three of its sitting members threatens severe impairment of its ability to fulfill its statutory mandates and advance the public's interest in safe consumer products." *Id.* at 28.

In short, for the same reasons the Court granted summary judgment to Plaintiffs, the Court should deny Defendants' motion for a stay.

## CONCLUSION

This Court should deny Defendants' motion to stay this Court's June 13, 2025, order pending Defendants' appeal.

Dated: June 17, 2025

Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone
(admitted *pro hac vice*)
Stephanie Garlock
(D. Md. Bar No. 31594)
Allison M. Zieve
(admitted *pro hac vice*)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiffs*