UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOYLE, et al.,

                Plaintiffs,

   v.

TRUMP, et al.,

                Defendants.

Case No. 8:25-cv-1628-MJM

## DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE THE DECLARATION OF TRIPP DEMOSS

Defendants respectfully seek leave to file a declaration in support of Defendants' Motion to Stay the Court's Order Pending Appeal (ECF No. 27). The declaration of Tripp DeMoss, Senior Counsel to Defendant Acting Chair Peter A. Feldman ("DeMoss Declaration") is attached as Exhibit A to this Motion. Counsel for Defendants has contacted counsel for Plaintiffs, who have stated that they oppose Defendants' motion.

The Court "has broad discretion to grant leave to file supplemental materials." *In re Sinclair Broad. Grp., Inc. Sec. Litig.*, 473 F. Supp. 3d 529, 535 (D. Md. 2020) (granting motion for leave to file supplemental memorandum for a party to "alert the court to new factual developments" that bore on the motion). The exercise of this Court's discretion is warranted here, where the proposed declaration explains the "harm from an order allowing a removed officer to continue exercising the executive power" and the "disruptive effect of the repeated removal and reinstatement of officers during the pendency of . . . litigation." *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2025). Specifically, the DeMoss Declaration recounts that on June 16, 2025, at approximately 5:49 p.m. EST, now-reinstated Commissioner Trumka circulated an agenda

planning proposal.[1] DeMoss Declaration at ¶ 5–6; s*ee also* Exhibit 2 to DeMoss Declaration. The agenda planning proposal, among other things, sought to undo actions taken since May 8, 2025; adopt a policy that would result in the immediate termination of certain personnel; and require a majority Commission vote for any reduction-in-force ("RIF") actions. Exhibit 2 to DeMoss Declaration. In light of the "breadth of the proposed language and its potential for extensive disruption of agency operations, the shortened holiday week, and the ongoing deconflict and recusal analysis," the Acting Chair determined that a meeting the morning of June 17 was not practicable. *Id*. In response, now-reinstated Commissioner Trumka proceeded to hold an unauthorized, "emergency" meeting anyway, ordering the agenda planning committee to either attend or "personally violate [this Court's order]." *Id*. The three reinstated Commissioners then approved the Ballott Vote package. DeMoss Declaration at ¶ 14. This purported meeting epitomizes the chaos that has and will continue to ensue during the course of litigation where the final verdict on whether plaintiffs were unlawfully removed has not yet been rendered on appeal. Indeed, Acting Chairman Feldman or Commissioner Dziak maintain that the meeting was unauthorized and invalid. *Id.*

In addition to the procedural chaos, as the DeMoss Declaration explains, the agenda proposal will be extremely disruptive to the Agency by, for example, terminating personnel, changing all Records of Commission Action for votes taken since May 8, 2025 to render them "null, void, and of no effect," and notifying the Office of the Federal Register that the vote to withdraw a particular notice of proposed rulemaking is "null and void" and to "direct publication" of the notice. Exhibit 3 to DeMoss Declaration. The proposal is doubly disruptive because it

---

[1] The proposal was circulated after Defendants had filed their Motion for a Stay of this Court's Order Pending Appeal.

conflicts with the balance of powers set forth in the Consumer Product Safety Act and would usurp the Acting Chairman's authority over personnel—which the statute gives him and the Commission has always understood the Chair to have. *See, e.g.*, DeMoss Declaration at ¶¶ 11, 17–18, 20. To avoid the great "harm" that the Commission faces from the recently reinstated Commissioners wielding executive power and the "disruptive effect" of reinstatement during litigation, this Court should grant Defendants' motion to stay pending appeal. *Wilcox*, 145 S. Ct. at 1415.

Defendants accordingly respectfully request that the Court grant leave to file the DeMoss Declaration in support of their Motion to Stay the Court's Order Pending Appeal.

Dated: June 17, 2025

Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*