# Exhibit 4



# Order

0949.1
January 15, 1987

## PERSONNEL PROCESSES - PERSONNEL ACTIONS

## GENERAL POLICY AND PROCEDURES REGARDING REDUCTION-IN-FORCE

1.  **PURPOSE**. This Directive establishes general Consumer Product Safety Commission policy and certain procedures concerning reduction-in-force. It provides basic information and is designed to supplement Office of Personnel Management (OPM) regulations.

2.  **SCOPE**. This Directive applies to all positions in the competitive and excepted service, except those in the Senior Executive Service.

3.  **CANCELLATION**. This Directive supersedes Order 0949.1, dated August 21, 1980, General Policy and Procedures Regard-ing Reduction-in-Force which is hereby cancelled.

4.  **REFERENCES**.

    a.  5 U.S.C. 3502.

    b.  5 CFR Part 351.

    c.  Federal Personnel Manual, Chapters 302, 311 and 351.

    d.  CPSC Order 0330.6, dated September 12, 1978, Authority to Certain CPSC Officials for the Power of Appointment.

5.  **POLICY**.

    a.  It is the policy of the Commission to institute reduction-in-force proceedings only when necessary to assure continued efficient and effective operation of the Commission and its components. Conditions requiring reduc-

tion-in-force include but are not limited to the following: reduction in personnel ceiling, reduction in Commission funding, reorganization of the Commission or its components, adjustment in workload or mission requirements, and need to provide a position for a person exercising reemployment or restoration rights. Reduction-in-force action will be ini-iated only when necessary and as approved by the Chairman or Executive Director.

    b. Reduction-in-force will be conducted in accordance with the provisions of this Directive and the regulations and procedures prescribed by the Office of Personnel Management. Placement assistance will be provided to affected individuals to minimize personal impact.

6.   COMPETITIVE AREAS.

    a. Competitive areas are units, based on organizational and geographic distinctions, within which employees are considered for retention during the course of a reduction-in-force action. See 5 CFR ☐ 351.402. In accordance with the guidelines provided in Chapter 351 of the Federal Personnel Manual, the following competitive areas are established recognizing statutory organizational distinctions within the Commission and the geographic distribution of employees:

      (1) <u>Washington, D.C. Metropolitan Area</u>. Separate competitive areas are established within CPSC in the Washington, D.C. Metropolitan Area, as follows:

        (a) The immediate offices of the Chairman and Commissioners are separate competitive areas. See Consumer Product Safety Act of 1972, Sec. 4(f)(1).

        (b) All other remaining CPSC organizations in the Washington, D.C. Metropolitan Area are combined into a single competitive area.

      (2) <u>Field Service</u>.

        (a) The competitive area for each Regional Office shall be its local geographic commuting area.

    (b) Each District Office or Resident Post located outside the commuting area of a CPSC Regional Office or outside of the Headquarters commuting area is a separate competitive area.

  b. Within each of the competitive areas established above, competitive and excepted service employees will compete separately in a reduction-in-force.

  7. <u>COMPETITIVE LEVELS</u>.

  a. Competitive levels are groupings of similar positions in a competitive area within which employees compete for retention. These are positions at the same grade (or occupational level) and classification series and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the incumbent of one position could successfully perform the critical elements of any other position upon entry into it, without any loss of productivity beyond that normally expected in the orientation of any new, but fully qualified employee.

  b. CPSC will use position classification definitions issued by the Office of Personnel Management in establishing competitive levels. In general, published series and title definitions will apply to CPSC's competitive level designations. When broader or more specific definitions are necessary to meet CPSC's unique and varied work situations, appropriate additional definitions will be prepared in the Division of Personnel Management.

  8. <u>CREDIT FOR PERFORMANCE</u>.

  a. An employee's entitlement to additional service credit shall be based on the employee's three annual performance ratings of record received during the three year period prior to the date of issuance of reduction-in-force notices.

  b. An employee who does not have a performance rating of record for any of those three years shall receive credit for an assumed rating of fully satisfactory for each of the years needed to credit the employee with three ratings.

  c. The number of years credit for each level of rating is:

```
Outstanding            (O)  20 years
Highly Satisfactory    (H)  16 years
Fully Satisfactory     (F)  12 years
Assumed Rating (       (A)  12 years
Minimally Satisfactory (M)  0 years
Unsatisfactory         (U)  0 years
```

    d. The numerical credit for each or the last three ratings of record, expressed in years of service, shall be added and then divided by three to determine the average for performance service credit. The number shall be rounded to the next higher whole number if a fraction is obtained in the above process. The number obtained shall be added to an employee's actual years of service.

    e. An employee who has received a written decision to demote him or her because of unacceptable performance, competes from the position to which he or she has been or will be demoted.

9.    <u>RETENTION STANDING - COMPETITIVE SERVICE</u>. Within each competitive level competing employees are grouped into Retention Groups and Subgroups. The descending order of retention standing by group is: GrouP I, Group II, and Group III. Within each group, the descending subgroup order is: Subgroup AD, Subgroup A, and Subgroup B. Within subgroups the order begins with the earliest service computation date plus adjustments for performance ratings as prescribed by the Office of Personnel Management. The terms "probation" and "trial period" as used below do not include supervisory and managerial probationary periods.

    a. <u>TENURE GROUP I</u>.

        Includes each career employee who either has completed probation or is not required to serve a probationary period.

    b. <u>TENURE GROUP II.</u>

        Includes employees serving under career conditional appointments and under career appointments who are serving a probationary period.

    c. <u>TENURE GROUP III</u>.

        Includes indefinite employees, employees under temporary

appointments pending establishment of registers (TAPER), employees under term appointment, status quo employees, and employees under any other non-status, nontemporary appointments.

    d. <u>SUBGROUP AD</u>.

Employees with veteran's preference who have a compensable service-connected disability of 30 percent or more.

    e.   <u>SUBGROUP A</u>.

Employees with veteran's preference not included in Subgroup AD.

    f. <u>SUBGROUP B</u>.

Employees without veteran's preference.

10.   <u>RETENTION STANDING - EXCEPTED SERVICE</u>. Within each competitive level, competing employees in the excepted service are grouped into retention groups with the same designations as are used for employees in the competitive service except that an employee who completes one year of continuous excepted service under a temporary appointment is in Tenure Group III.

11.   <u>REDUCTION-IN-FORCE-NOTICES</u>.

    a.  <u>Requirement</u>. Each competing employee subject to reduction-in-force action is entitled to a written notice as prescribed in OPM regulations, 5 CFR Part 351, Subpart H and in Chapter 351, Subchapter 8 of the Federal Personnel Manual. A reduction-in-force notice is an official, personal, written communication addressed to the employee and issued by the Director, Division of Personnel Management. The notice will contain information concerning the employee's rights during a reduction-in-force.

    b.  <u>Notice Period</u>. An employee is entitled to receive a reduction-in-force notice at least 30 full calendar days before the effective date of the reduction-in-force action. The notice shall not be issued more than 90 calendar days before the date of the action.

12.   <u>RECORDS</u>. Official agency records of reduction-in-force actions will be maintained by the Division of Personnel Management in accordance with Office of Personnel Management regulations.

13.   <u>INTERPRETATION OF POLICY AND PROCEDURE</u>. Questions relating to the interpretation or application of this Directive will be referred to the Director, Division of Personnel Management.

(Original Signed By)

Terrence Scanlon
Chairman