UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY BOYLE, et al.,

    *Plaintiffs*,

    v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

    *Defendants*.

Civil Action No. 8:25-cv-1628-MJM

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE THE DECLARATION OF TRIPP DEMOSS**

On June 16, 2025, Defendants moved for a stay of this Court's final order declaring that President Donald J. Trump's purported termination of Plaintiffs Mary Boyle, Alexander Hoehn-Saric, and Richard Trumka Jr. from their roles on the Consumer Product Safety Commission (CPSC) was unlawful and enjoining Defendants Scott Bessent, Russell Vought, and Peter A. Feldman from effectuating the unlawful terminations. ECF 27. Plaintiffs filed their opposition midday on June 17. ECF 29. On the evening of June 17, Defendants filed a motion for leave to introduce the declaration of Tripp DeMoss, Senior Counsel to the Acting Chairman of the CPSC, Peter A. Feldman, in support of their stay motion. ECF 31. In the event that this Court considers the late-filed declaration, Plaintiffs file this response to explain why the declaration does not support Defendants' motion to stay this Court's final order pending their Fourth Circuit appeal.[1]

According to Defendants, the facts in the proffered DeMoss Declaration demonstrate "the chaos that has and will continue to ensue during the course of litigation" if Plaintiffs continue to

---

[1] On the night of June 17, Defendants also filed a motion for a stay in the Fourth Circuit.

1

occupy the Commissioner roles that this Court has held they are legally entitled to occupy. Defs. Mot. for Leave to File, ECF 31, at 2. The events that the declaration describes, however, simply reflect steps that Plaintiffs have taken to undo certain actions that the agency undertook during the period in which Plaintiffs were unlawfully barred from participating in agency business. Plaintiffs have previously described their disagreement with these agency actions, *see* Pls. Statement of Facts, ECF 18-2, ¶¶ 17–19; Defs. Statement of Facts, ECF 21-2, ¶ 1, and this Court has concluded that Plaintiffs' inability to participate in the "ongoing, consequential decisions of the CPSC" around these matters constituted irreparable harm that supported their entitlement to injunctive relief, Mem. Op., ECF 24, at 26. It would make no sense to hold that Plaintiffs' participation in the very decisions that necessitated their reinstatement now supports barring them from their roles.

Defendants nonetheless opine that the procedures Plaintiffs used to register their votes were "unauthorized and invalid" and that Plaintiffs' substantive policies will be "extremely disruptive to the Agency." Defs. Mot. for Leave to File at 2. Plaintiffs disagree and, to the contrary, believe that the actions that the CPSC took in their absence, and that they have since worked to undo, were "unauthorized and invalid" procedurally, as well as "extremely disruptive" in substance. Moreover, Defendants' accusations of procedural impropriety on Plaintiffs' part are baseless. For instance, the DeMoss Declaration obscures that Acting Chairman Feldman himself scheduled the agenda-planning meeting that Defendants fault Plaintiffs for pushing through, *see id.*, Exh. 2 at 5, but that he tried to cancel it unilaterally—and impermissibly, as Commissioner Boyle noted, *id.* at 2—sixteen minutes before the scheduled meeting time, *see id.* at 2–3.[2] Acting Chairman Feldman cannot refuse to participate in regularly scheduled agency proceedings, refer to the consequences as "chaos," and then cite those self-inflicted consequences as justification for a stay.

---

[2] Citations refer to the page numbers in the header generated by the CM/ECF filing system.

In any event, this Court has appropriately declined to "take[ ] [a] position on any differences of opinion between Plaintiffs and the Acting Chairman respecting administration of the CPSC or any other matters of policy." Mem. Op. at 26 n.9. What this Court *has* concluded is that Plaintiffs are entitled to serve as Commissioners. As such, Defendants' request that they be faulted for acting in that role should be rejected.

Finally, Defendants' concern about the "disruptive effect of the repeated removal and reinstatement of officers during the pendency of … litigation" weighs *against* a stay, not in favor. Defs. Mot. for Leave to File at 1 (omission in original; quoting *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2015)). As Defendants' proffered declaration makes clear, Plaintiffs are currently serving as Commissioners, as this Court has concluded they are legally entitled to do. Staying the order that enables Plaintiffs to fulfill their statutory duties would upend the status quo and cast legal doubt over the actions that the CPSC takes during Plaintiffs' unlawful absence.

At bottom, Defendants simply disagree that Plaintiffs are legally entitled to occupy their roles as Commissioners and to carry out their duties in that regard. This Court has already resolved that disagreement in Plaintiffs' favor. Defendants' late-proffered declaration does not alter that conclusion and does not call for a stay of this Court's order.

Dated: June 18, 2025                                Respectfully submitted,

/s/ Nicolas A. Sansone
Nicolas A. Sansone
(admitted *pro hac vice*)
Stephanie Garlock
(D. Md. Bar No. 31594)
Allison M. Zieve
(admitted *pro hac vice*)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Attorneys for Plaintiffs*