UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BOYLE, et al.,<br><br>                        Plaintiffs,<br><br>    v.<br><br>TRUMP, et al.,<br><br>                        Defendants. | Case No. 8:25-cv-1628-MJM |

**DEFENDANTS' MOTION TO SEAL**

On June 17, 2025, Defendants a Motion for Leave to File the Declaration of Tripp DeMoss, *see* ECF No. 31, which included a Notice of Filing a Document Under Seal, *see* ECF No. 31-2. Consistent with this Court's procedures, Defendants now file their accompanying motion to seal. Counsel for Defendants has contacted counsel for Plaintiffs, who have stated that they take no position on Defendants' motion.

This motion seeks to seal the Commission's internal Decision-Making Procedures ("DMPs"). The DMPs have traditionally governed the decision-making processes of the CPSC since their adoption in 2010. The DeMoss Declaration specifically references the DMPs to quote one specific provision, which states:

> III. **Agenda Setting Procedure**: The Commission agenda shall be set, scheduled, and acted upon through the process outlined below:
>     A. **Agenda Planning Process** – The Agenda Planning Committee shall:
>       1) meet at a regularly scheduled time each week as practicable . . . .

DMP Ill.A. 1; *see also* DeMoss Declaration at ¶ 4. In order to provide a source for that citation and quotation, Defendants seek to attach the DMPs as Exhibit 1—albeit under seal.

"The common law presumes a right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004) (quotation omitted). This presumption can be rebutted if "'countervailing interests heavily outweigh the public interests in access.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). Under this common law balancing analysis, "the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253. Additionally, Local Rule 105.11 requires that any motion seeking to seal an exhibit or other document "shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

As far as it is aware, the Commission's internal DMPs have never been published or released to the public. The top of the document is marked for "OFFICIAL USE ONLY" and instructs that it should "NOT [BE] DISTRIBUTE[D] OUTSIDE THE COMMISSION." Consistent with the Commission's longstanding treatment of this document as an internal one and not one for public consumption, Defendants move for its filing under seal. The DMPs are being cited only as a source to verify a discrete quotation in the DeMoss Declaration and do not otherwise bear on Defendants' Motion for Leave or the DeMoss Declaration. Accordingly, the very minimal need for and relevance of the DMPs is outweighed by the drastic measure of publishing these internal procedures publicly for the first time.

As an alternative to filing the document under seal, the Commission could file the document with all substantive portions redacted except for the language quoted in the DeMoss Declaration. This would permit the Commission to maintain the document as an internal one and still provide the source in support of the DMP quotation in the DeMoss Declaration.

Defendants respectfully request that the Court grant its motion to seal.

Dated: June 18, 2025                                  Respectfully submitted,

                                                           YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*