UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BOYLE, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>TRUMP, *et al.*,<br><br>       Defendants. | Case No. 8:25-cv-1628-MJM |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

On June 13, 2025, this Court ordered that Plaintiffs be reinstated as Commissioners on the Consumer Product Safety Commission ("CPSC"). As explained in Defendants' Motion to Stay, this relief constitutes an extraordinary intrusion into the President's authority. *See* ECF No. 27. Defendants appealed the Court's order, *see* ECF No. 26, and now respectfully ask this Court to stay its order pending appeal. When evaluating Defendants' motion, this Court does not write on a blank slate. The Supreme Court recently issued an order on this very question. In *Trump v. Wilcox*, the Supreme Court granted a stay of orders from district courts enjoining the President's removal of a member of the National Labor Relations Board ("NLRB") and a member of the Merit Systems Protection Board ("MSPB"). 145 S.Ct. 1415, 1415 (2025). *Wilcox* controls here.

Plaintiffs contend that "no case-specific harms . . . will result if Plaintiffs continue to occupy the roles that this Court has held they are legally entitled to occupy." ECF No. 29 at 1. But the Supreme Court has weighed the harms also implicated here and come to the opposite conclusion, reasoning that a stay is appropriate because "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a

wrongfully removed officer faces from being unable to perform her statutory duty." *Id.* The Supreme Court explained that "[a] stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation." *Id.* And as demonstrated in Defendants' Motion for Leave and its accompanying declaration and exhibits, *see* ECF No. 31, the very harm and disruption that the Supreme Court discussed is ongoing at the Commission. Plaintiffs have voted to, among other things, terminate personnel from the Acting Chair's personal office; change all Records of Commission Action for votes taken since May 8, 2025, to render them "null, void, and of no effect"; and notify the Office of the Federal Register that a particular notice of proposed rulemaking is "null and void." *See id.* at 2. And Plaintiffs' votes seek to encroach on and disrupt authorities that have always been understood to belong to the Commission's Chair. *Id.* at 2–3. These recent moves have left CPSC staff in a state of uncertainty, as Plaintiffs have sought to usurp the Acting Chair's authority. The Chair has always acted as the supervisor and director of CPSC staff pursuant to his statutory role as the "principal executive officer of the Commission" who "shall exercise all of the executive and administrative functions of the Commission," including functions with respect to "the appointment and supervision of personnel employed under the Commission." 15 U.S.C. § 2053(f)(1).

Plaintiffs also argue that *Wilcox* is distinguishable and "disruption is not a factor because the Court has entered final judgment and 'permanent' relief" and that "granting a stay would unsettle the status quo" "based on the speculative possibility that the Fourth Circuit might disagree with this Court's conclusion on the merits." ECF No. 29 at 4 (emphasis omitted). But the posture in this case is on all fours with *Wilcox*. In *Wilcox*, the Supreme Court reviewed stay motions from district court orders that had entered summary judgment and permanent injunctive relief in favor of the terminated board members. *See Wilcox v. Trump*, No. CV 25-334 (BAH), 2025 WL 720914,

at *18 (D.D.C. Mar. 6, 2025) (granting summary judgment in favor of Wilcox, the terminated NLRB Member; declaring that Wilcox "remains a member of the" NLRB; and permanently enjoining defendants from removing Wilcox from her office without cause); *Harris v. Bessent*, No. CV 25-412 (RC), 2025 WL 679303, at *15–16 (D.D.C. Mar. 4, 2025) (granting summary judgment in favor of Harris, the terminated MSPB Member; declaring that Harris "remains a member of the" MSPB; and permanently enjoining defendants from removing Harris from her office without cause). And the Supreme Court nonetheless determined that the harm and equities weighed in the government's favor and granted the stay application. *See Wilcox*, 145 S.Ct. at 1415. Thus, rather than unsettling the status quo, a stay would maintain it. Instead of putting the Commission through the uncertainty of having Commissioners temporarily reinstated only to be potentially removed again as the litigation continues, a stay would maintain stability at the Commission until the litigation concludes. *See id.* (recognizing the "disruptive effect of repeated removal and reinstatement of officers" during the pendency of litigation).

Finally, Plaintiffs contend that securing a stay motion would render "statutory tenure protections" "effectively meaningless," ECF No. 29 at 4. But a stay of the Court's order during the pendency of litigation does no such thing. Instead, a stay would align with the Supreme Court's ruling on this issue, *see id.*, and avoid the intervening chaos at the Commission that is unfolding due to the drastic and, before this year, unprecedented relief ordered.[1]

## CONCLUSION

This Court should grant Defendants' Motion to Stay this Court's June 13, 2025 Order pending Defendants' appeal.

---

[1] Indeed, the two cases that the Court relied on to order its remedy—*Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996), and *Severino v. Biden*, 71 F.4th 1038 (D.C. Cir. 2023)—discussed reinstatement only in the jurisdictional context and did not actually order it.

Dated: June 19, 2025

Respectfully submitted,

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

*Attorney for Defendants*