UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BOYLE, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>TRUMP, et al.,<br><br>                Defendants. | Case No. 8:25-cv-1628-MJM |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THE DECLARATION OF TRIPP DEMOSS

On June 16, 2025, Defendants filed a Motion to Stay the Court's Order Pending Appeal. *See* ECF No. 27. After the stay motion was filed, a series of chaotic and tumultuous events unfolded at the Commission in the wake of Plaintiffs' reinstatement. Immediately thereafter, Defendants sought leave to file a declaration and other exhibits in support of their stay motion*, see* ECF No. 31, and now respectfully request that the Court grant their motion.

Plaintiffs contend that Defendants' supplemental filing should not be considered because "Defendants' request that they be faulted for acting in [their reinstated] role[s] should be rejected and "[s]taying the order that enables Plaintiffs to fulfill their statutory duties would upend the status quo." ECF No. 32 at 3. But these are arguments for why the Motion to Stay should not be granted—not arguments for why Defendants' Motion for Leave to File the Declaration of Tripp DeMoss should not be granted. The DeMoss Declaration describes events that occurred shortly after Defendants filed their Motion to Stay, and so Defendants were not able to include those facts in their filing. Defendants should not be penalized for not knowing the events that would occur in the 24 hours after the filing of their stay motion. Indeed, once the events unfolded, Defendants

promptly moved for leave to supplement the record, filing their Motion for Leave less than 25 hours after filing their Motion to Stay.

Defendants respectfully request that the Court grant Defendants' modest request to supplement the record with evidence that is directly relevant to their Motion to Stay. *See In re Sinclair Broad. Grp., Inc. Sec. Litig.*, 473 F. Supp. 3d 529, 535 (D. Md. 2020) (granting motion for leave to file supplemental memorandum for a party to "alert the court to new factual developments" that bore on the motion). Indeed, Defendants' evidence demonstrates the very "harm from an order allowing a removed officer to continue exercising the executive power" and the "disruptive effect of the repeated removal and reinstatement of officers during the pendency of . . . litigation" that the Supreme Court warned about. *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2025).

Dated: June 19, 2025               Respectfully submitted,

                                               YAAKOV M. ROTH
                                               Principal Deputy Assistant Attorney General
                                               Civil Division

                                               ERIC J. HAMILTON
                                               Deputy Assistant Attorney General
                                               Civil Division, Federal Programs Branch

                                               /s/ *Abigail Stout*
                                               ABIGAIL STOUT
                                               (DC Bar No. 90009415)
                                               *Counsel*
                                               U.S. Department of Justice
                                               Civil Division
                                               950 Pennsylvania Avenue, NW
                                               Washington, DC 20530
                                               Telephone: (202) 514-2000
                                               Email: Abigail.Stout@usdoj.gov

                                               *Attorney for Defendants*